EXHIBIT

A

STATE OF SOUTH CAROLINA

COUNTY OF CHEROKEE

LUZ POSSO, Individually and as
guardian of T.M., a minor,

Plaintiffs,

CHRISTOPHER J. MCQUILKIN and
HALEY'S TRANSPORTATION
GROUP INC.,

Defendants.

)   IN THE COURT OF COMMON PLEAS
)   SEVENTH JUDICIAL CIRCUIT
)   Case No.: 2022-CP-11
)
)
)
)
)
)
)
)
)
)

**SUMMONS**
**(Jury Trial Demanded)**

TO THE DEFENDANTS ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office, 3045 Ashley Phosphate Road, N. Charleston, South Carolina 29418, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

                                JOHN PRICE LAW FIRM, LLC

                                s/ Benjamin A. Parker
                                Benjamin A. Parker (S.C. Bar # 100831)
                                3045 Ashley Phosphate Road
                                North Charleston, SC 29418
                                P: (843) 552-6011
                                F: (843) 760-6840
                                BenParker@johnpricelawfirm.com
                                ATTORNEY FOR PLAINTIFF

N. Charleston, South Carolina
Dated:  July 7, 2022

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

Scanned with CamScanner

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF CHEROKEE | ) | Case No.: 2022-CP-11 |
| | ) | |
| LUZ POSSO, Individually and as | ) | |
| guardian of T.M., a minor, | ) | |
| | ) | **COMPLAINT** |
| Plaintiffs, | ) | **Tort:  Automobile Collision** |
| | ) | **(Jury Trial Demanded)** |
| CHRISTOPHER J. MCQUILKIN and | ) | |
| HALEY'S TRANSPORTATION | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | | |

### TO THE ABOVE NAMED DEFENDANTS:

1. That the Plaintiff Luz Posso, at all times pertinent to this action, is/was a citizen and resident of the County of Queens, State of New York.

2. That the minor Plaintiff T.M., is the daughter of Plaintiff Posso who resides with her mother and at all times pertinent to this action, is/ was a citizen and resident of the County of Queens, State of New York.

3. That upon information and belief, Defendant Christopher J. McQuilkin ("Defendant McQuilkin") is a citizen and resident of the County of Blount, State of Tennessee.

4. Defendant Haley's Transportation Group Inc, upon information and belief, is a corporation in the State of Georgia with its principle place of business in Georgia, and which conducts business and has contacts in the State of South Carolina.

5. That the vehicle being driven by Defendant Christopher J. McQuilkin was, upon information and belief, rented or leased for the purposes of transacting business by Defendant Haley's Transportation Group Inc, who entrusted said vehicle to Defendant Christopher J. McQuilkin.

Scanned with CamScanner

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

6. That, upon information and belief, at all times mentioned herein, Defendant Christopher J. McQuilkin was an agent, servant, and/or employee of Defendant Haley's Transportation Inc.

7. That, upon information and belief, at all times mentioned herein, Defendant Christopher J. McQuilkin was acting within the course of his employment and/or agency with Defendant Haley's Transportation Inc.

8. That under the doctrines of *respondeat superior*, master/servant, and principal/agent, Defendant Haley's Transportation Inc is liable for the torts of its agents, servants and/or employees in the same manner and to the same extent as a private individual under like circumstances.

9. That, upon information and belief, at all times mentioned herein, Defendant Haley's Transportation Inc, by and through its agents, servants and/or employees, had the right and/or power to direct and control the manner in which its agents, servants and/or employees operated a work vehicle in the State of South Carolina.

10. That the negligent acts, omissions and liabilities of Defendant Haley's Transportation Inc include those negligent acts, omissions and liabilities by its agents, principals, employees and/or servants, both directly and vicariously, pursuant to the non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

11. That the motor vehicle collision giving rise to this action occurred in the County of Cherokee, State of South Carolina, on or about July 14, 2019.

12. That this Court has jurisdiction over the parties and matters in controversy, and venue is proper in Cherokee County.

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

## FOR A FIRST CAUSE OF ACTION - NEGLIGENCE
## AS TO DEFENDANTS MCQUILKIN AND HALEY'S TRANSPORTATION GROUP, INC

13. The Plaintiffs repeat and reallege paragraphs 1 through 12 as though set forth herein verbatim, and would further allege:

14. On or about July 14, 2019, Plaintiff Luz Posso was driving her 2015 Honda Odyssey and was lawfully stopped at a red light, waiting to turn left (southbound) onto I-85 from Hyatt Street in Gaffney, South Carolina.

15. Once the light turned green, while the Plaintiff's vehicle was turning left from the left lane, a 2019 Freightliner driven by Defendant Christopher J. McQuilkin, also attempting to turn left (southbound) from Hyatt Street onto I-85 from the lane adjacent to the Plaintiff's vehicle (right lane), overtook the Plaintiff's vehicle at a high rate of speed, suddenly and without warning making an improper lane change, merging into the lane occupied by the Plaintiffs, and colliding with Plaintiff's vehicle on the front passenger side.

16. That Defendant McQuilkin was wearing headphones at the time of the accident, and was distracted while operating the company vehicle.

17. That following the Defendant's actions, the Defendant McQuilkin then immediately left the scene of the accident without stopping to render aid or assistance to the Plaintiffs.

18. That Defendant McQuilkin's actions caused a collision and severe injuries to the Plaintiffs.

19. That following Defendant McQuilkin's actions, he immediately left the scene of the collision without stopping to render aid or assistance to the Plaintiffs.

20. That Plaintiff did have to give chase to Defendant McQuilkin in order to get the Defendant driver to finally pull off to the side of the road.

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

21. Upon information and belief, the Defendant's vehicle struck the Plaintiff's vehicle because the Defendant driver made an improper lane change, made an improper left hand turn, was driving distracted, failed to keep a proper lookout, was traveling too fast for conditions, failed to yield the right of way, and was otherwise driving in an unsafe, negligent, and reckless manner.

22. That Defendant McQuilkin owed the Plaintiffs, and other persons traveling in vehicles on the public roadways of South Carolina, a duty: to follow applicable statutory traffic laws; to only pull out from a stop sign or private driveway/roadway when it is safe to do so; to enter the public roadway when traffic is clear; to yield to other vehicles already established in lanes of travel in the public roadways; to keep a proper lookout for other vehicles on the roadway; to avoid hitting vehicles lawfully traveling on the roadways, and to ensure that Defendant's vehicle was operated with due care and in a reasonable and prudent manner so as not to damage and injure the Plaintiffs and other similarly situated individuals.

23. That Defendants, by and through their acts and omissions, were negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

   a.  In violating one or more of the duties set forth in paragraph eleven (22) above;

   b.  In failing to maintain a proper lookout;

   c.  In failing to properly use his brakes;

   d.  In failing to take advantage of any last clear chance to avoid the accident, when Defendant saw or should have seen the Plaintiff's and/or other vehicles on the roadway;

   e.  In failing to exercise that degree of care and caution which a reasonable and prudent person or business would have exercised under the same or similar conditions;

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

f.   In traveling too fast for the conditions then existing;

g.   In failing to maintain control of the vehicle he was driving;

h.   In failing to use his horn or turn signal;

i.   In failing to yield to vehicles already established in lanes of travel;

j.   In violating the traffic safety laws of the State of South Carolina;

k.   In failing to properly turn left;

l.   In driving distracted with headphones on;

m.   In leaving the scene of the collision without stopping to render aid or assistance to the Plaintiffs;

n.   In such other ways as may be shown at the trial of this matter.

All of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiffs herein, said acts occurring in violation of the statutes and laws of the State of South Carolina.

24. As a direct and proximate result of the negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants McQuilkin and Haley's Transportation Group Inc, the Plaintiffs have incurred personal injuries, medical expenses, loss of enjoyment of life, emotional distress, anxiety, pain and suffering, lost earnings, and damage to personal property, all of which, upon information and belief, will continue in the future.

25. That Plaintiffs are entitled to an award of punitive damages based on the grossly negligent, reckless, willful and wanton acts of Defendants.

26. Based on the foregoing, Plaintiffs are informed and believe that they are entitled to a judgment against Defendants for actual and punitive damages in an amount to be determined by the trier of fact.

Scanned with CamScanner

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

**FOR A SECOND CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, AND SUPERVISION AS TO DEFENDANT HALEY'S TRANSPORTATION GROUP, INC**

27. The Plaintiffs repeat and reallege paragraphs 1 through 26 as though set forth herein verbatim, and would further allege:

28. The Defendant Haley's Transportation Inc rented or leased the vehicle driven by Defendant McQuilkin at the time of the accident involving the Plaintiff.

29. Upon information and belief, Defendant Haley's Transportation Inc knew or should have known that when they allowed Defendant McQuilkin to permissively drive their vehicle on July 14, 2019, that Defendant McQuilkin was not a careful driver who could keep his vehicle under proper control, thus endangering motorists on South Carolina's roadways.

30. That Defendant Haley's Transportation Inc failed to properly hire, train, and supervise its employee/agent driver McQuilkin, all the while allowing and instructing McQuilkin to operate their business vehicle for their profit and business gain.

31. That Defendant McQuilkin's use of the Haley's Transportation Inc's vehicle by consent placed the Plaintiff in peril, and ultimately resulted in an accident which caused bodily injury and other harm to the Plaintiff.

32. That but for Defendant Haley's Transportation Inc negligently entrusting their vehicle to Defendant McQuilkin on July 14, 2019, the Plaintiffs would not have been involved in an accident and suffered bodily injury on that day.

33. As a direct and proximate result of the negligence, negligence per se, gross negligence, carelessness recklessness, willfulness, and wantonness of these Defendants, the Plaintiffs: have undergone substantial medical treatments; have suffered great physical harm and permanent injuries as a result of being thrown about in their vehicle; have suffered physical

Scanned with CamScanner

and mental pain and suffering; have lost a great amount of the enjoyment of life; have

suffered damage to personal property; and have incurred in the past, and will, upon

information and belief further incur in the future, medical expenses for doctors, treatments,

medicines, and lost earnings as a result of the injuries received by them in the collision.

34. The Plaintiffs would pray for a judgment against the Defendants for actual and punitive

damages.

WHEREFORE, the Plaintiffs demand a trial by jury, judgment against the Defendants for

actual and punitive damages, for the costs of this action, and for such other and further relief that

this Court deems just, equitable and proper.

**JOHN PRICE LAW FIRM, LLC**

s/ Benjamin A. Parker
Benjamin A. Parker (S.C. Bar # 100831)
3045 Ashley Phosphate Road
North Charleston, SC 29418
P: (843) 552-6011
F: (843) 760-6840
BenParker@johnpricelawfirm.com
**ATTORNEY FOR PLAINTIFFS**

N. Charleston, South Carolina
Dated:  July 7, 2022

ELECTRONICALLY FILED - 2022 Jul 11 11:45 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442



STATE OF SOUTH CAROLINA

COUNTY OF CHEROKEE

LUZ POSSO, Individually and as
guardian of T.M., a minor,

Plaintiffs,

CHRISTOPHER J. MCQUILKIN and
HALEY'S TRANSPORTATION
GROUP, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT
Case No.: 2022-CP-11-00442


Notice of Deposition Pursuant to Rule
30(b)(6) of Defendants Haley's
Transportation Group Inc.'s designated
representative

TO:     Attorney for the above-named Defendant Haley's Transportation Group Inc.

PLEASE TAKE NOTICE that the Plaintiffs, Luz Posso, Individually and as
guardian of T.M., a minor, by and through undersigned counsel, pursuant to Rule 30(b)(6)of the
South Carolina Rules of Civil Procedure, will take the deposition of Defendant Haley's
Transportation Group Inc.'s designated, representative, before a person authorized by the laws of
the State of South Carolina to administer oaths on December 15, 2022 at 3:00 p.m. at the offices of
the John Price Law Firm, LLC, 3045 Ashley Phosphate Road, N. Charleston, SC 29418, before a
Notary Public and a duly authorized court report to record the deposition, at which time you are
notified to appear and take part as you may be advised and deem fit and proper.  The deposition is
being taken for the purposes of discovery, for use at trial, and all other purposes as are permitted
under the rules of this Court and all other applicable statutes and laws. Said witness(es) should have
knowledge of, and the ability to answer questions regarding the following areas of inquiry:

1.     Information regarding the motor vehicle collision giving rise to this action;

2.     All information contained in the documents produced or identified by the Defendants in
       discovery;

3.     Information regarding the allegations set forth in Plaintiffs' Complaint;

4.     Information regarding the denials and affirmative defenses of the company;

5.     Information regarding the document retention policy of the company;

6.    Information regarding the investigation conducted by the company following the wreck giving rise to this action;

7.    All information requested in Plaintiffs' First Set of Interrogatories to Defendants and Plaintiffs' First Set of Requests for Production to Defendants;

8.    Information regarding the persons involved and the manner in which discovery responses were obtained/produced;

9.    Information regarding the hiring and employment history of Defendant McQuilkin including but not limited to all information contained in his employment file with the company;

10.    The safety officer's training, experience, and qualifications;

11.    The company's general hiring criteria for new drivers, including the practices for investigating the driver's history with other carriers;

12.    The company's routine for training drivers;

13.    The company's employee manuals, policies and procedures, and handbooks;

14.    The company's general safety policies and procedures;

15.    The company's inspection and maintenance practices for its vehicles;

16.    The company's procedure for drivers to follow in the event of an accident, including what reports are generated;

17.    The company's procedure for the safety officer to follow in the event of an accident, including what reports are generated;

18.    The safety officer's actual communications with the driver following the accident;

19.    The company's practices for comparing and contrasting the driver's logs with other documents;

20.    The company's practices for conducting medical and drug/alcohol testing on drivers;

21.    The company's electronic systems for tracking drivers;

22.    The company's practices for disciplining or otherwise addressing drivers

Page 2 of 3

Scanned with CamScanner

after at-fault events (e.g., hour violations, log violations, and accidents);

23.    How the company's driver-accountability practices compare to other

companies in the industry;

24.    The company's methods for monitoring its drivers;

25.     The company's hierarchy and corporate structure;

26.    The company's fleet size and vehicles included in Defendants' fleet;

Said deponent is required to bring to said deposition all documents, records, and tangible

materials noted in the attachment hereto marked as Exhibit A.

JOHN PRICE LAW FIRM, LLC

Benjamin A. Parker (S.C. Bar # 100831)
3045 Ashley Phosphate Road
North Charleston, SC 29418
P: (843) 552-6011
F: (843) 760-6840
BenParker@johnpricelawfirm.com
ATTORNEY FOR PLAINTIFF

N. Charleston, South Carolina
Dated: 7/20/2022

Scanned with CamScanner

## EXHIBIT A

1. Information regarding the motor vehicle collision giving rise to this action;
2. All information contained in the documents produced or identified by the Defendants in discovery;
3. Information regarding the allegations set forth in Plaintiffs' Complaint;
4. Information regarding the denials and affirmative defenses of the company;
5. Information regarding the document retention policy of the company;
6. Information regarding the investigation conducted by the company following the wreck giving rise to this action;
7. All information requested in Plaintiffs' First Set of Interrogatories to Defendants and Plaintiffs' First Set of Requests for Production to Defendants;
8. Information regarding the persons involved and the manner in which discovery responses were obtained/produced;
9. Information regarding the hiring and employment history of Defendant McQuilkin including but not limited to all information contained in his employment file with the company;
10. The safety officer's training, experience, and qualifications;
11. The company's general hiring criteria for new drivers, including the practices for investigating the driver's history with other carriers;
12. The company's routine for training drivers;
13. The company's employee manuals, policies and procedures, and handbooks;
14. The company's general safety policies and procedures;
15. The company's inspection and maintenance practices for its vehicles;
16. The company's procedure for drivers to follow in the event of an accident, including what reports are generated;
17. The company's procedure for the safety officer to follow in the event of an accident, including what reports are generated;
18. The safety officer's actual communications with the driver following the accident;
19. The company's practices for comparing and contrasting the driver's logs with other documents;
20. The company's practices for conducting medical and drug/alcohol testing on drivers;
21. The company's electronic systems for tracking drivers;
22. The company's practices for disciplining or otherwise addressing drivers after at-fault events (e.g., hour violations, log violations, and accidents);
23. How the company's driver-accountability practices compare to other companies in the industry;
24. The company's methods for monitoring its drivers;
25. The company's hierarchy and corporate structure;
26. The company's fleet size and vehicles included in Defendants' fleet.

Scanned with CamScanner

STATE OF SOUTH CAROLINA          )   IN THE COURT OF COMMON PLEAS
                                 )   SEVENTH JUDICIAL CIRCUIT
COUNTY OF CHEROKEE               )   Case No.: 2022-CP-11-00442
                                 )
LUZ POSSO, Individually and as   )
guardian of T.M., a minor,       )
                                 )        **Plaintiff's Request for Production to**
                                 )        **Defendant Haley's Transportation Group**
          Plaintiffs,            )        **Inc.**
                                 )
CHRISTOPHER J. MCQUILKIN and     )
HALEY'S TRANSPORTATION           )
GROUP, INC.,                     )
                                 )
          Defendants.

TO:     Defendant Haley's Transportation Group Inc.

The Plaintiffs, by and through their undersigned attorney, requests the Defendant Haley's

Transportation Group Inc. herein to produce for inspection and copying the following described

documents and things in the possession, custody, access or control of the Defendant, their

attorney(s) and/or other representative(s) or agent(s), pursuant to Rule 34 of the South Carolina

Rules of Civil Procedure.

### General Requests

1.      All documents identified by the Defendant Haley's Transportation Group Inc. in

        response to Answers to Interrogatories.

### Documents Regarding Defendant Driver

2.      The entire personnel file of Defendant McQuilkin.

3.      The entire human resources file of Defendant McQuilkin.

4.      Defendant McQuilkin's employment application and any notes or documentation
        regarding his interview for employment.

5.      The entire qualification file or any file regarding any investigation into the
        qualifications of the Defendant McQuilkin before he was hired or retained.

Scanned with CamScanner

6.  Reports received or generated regarding Defendant McQuilkin's safety record before he was hired.

7.  Reports received or generated regarding Defendant McQuilkin's safety record after Defendant McQuilkin was hired.

8.  Reports received or generated regarding Defendant McQuilkin's criminal background check before he was hired.

9.  Reports received or generated regarding Defendant McQuilkin's criminal background check before after he was hired.

10. Defendant McQuilkin's driving record secured by this Defendant before he was hired.

11. Defendant McQuilkin's driving record secured by this Defendant at any time after he was hired.

12. Any documents regarding Defendant McQuilkin's employment history.

13. Documentation regarding any contact with any prior employers of Defendant McQuilkin prior to being hired by Defendant Haley's Transportation Group Inc.

14. All medical documentation in your possession regarding the health of Defendant McQuilkin, including but not limited to any physicals, drug testing, vision testing, etc. or regarding Defendant McQuilkin physical condition at any time while employed by this Defendant.

15. Any and all documents regarding any safety tests taken by Defendant McQuilkin.

16. The results of any safety tests taken by Defendant McQuilkin.

17. Any and all documents regarding any reprimands, criticisms, or complaints as to Defendant McQuilkin at any time he was employed by this Defendant.

18. A copy of Defendant McQuilkin's driver's license.

19. Documents regarding the completion, attempts or non-completion of any driving programs attended by Defendant McQuilkin.

20. The entire drug and alcohol file of Defendant McQuilkin including, but not limited to, pre-employment, post-occurrence, random, reasonable suspicion and return to duty drug and alcohol testing results.

21. Any and all payroll and benefit records for Defendant McQuilkin.

Page 2 of 5

Scanned with CamScanner

22.    The entire safety performance file for Defendant McQuilkin.

23.    Any and all records of health insurance claims, disability claims, sickness or doctors' excuses or the entire medical records chart of the Defendant McQuilkin for three (3) years prior to the occurrence.

24.    All logs - official or unofficial - of Defendant McQuilkin for six (6) months prior to and thirty (30) days after the collision.

25.    Any and all state safety audits of Defendant McQuilkin.

26.    Any and all cellular and telephone records, including bills of Defendant McQuilkin, for the day of the occurrence and seven (7) days prior and seven (7) days after.

27.    Any documents in your possession regarding any insurance coverage for Defendant McQuilkin.

28.    Produce any other file or documents regarding Defendant McQuilkin not previously requested above.

### Documents Relative to the Vehicle Involved

29.    Any and all vehicle inspections and maintenance records of the vehicle involved in the occurrence for the year of the occurrence and one (1) year prior, including but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the occurrence.

30.    If the vehicle was so equipped, produce copies of any and all satellite communications and e-mail for the day of the occurrence and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

    a.    trip distance;

    b.    total vehicle driving time;

    c.    load factor;

    d.    vehicle speed limit;

    e.    maximum vehicle speed recorded;

    f.    number of hard brake incidents;

    g.    current engine speed (rpm);

Scanned with CamScanner

h.    maximum and minimum cruise speed limits;

i.    total vehicle driving distance;

j.    fuel consumption (gal./hr.);

k.    idle time;

l.    engine governed speed;

m.    maximum engine speed recorded;

n.    current throttle position;

o.    brake switch status (on/off);
p.    odometer;

q.    trip driving time;

r.    overall fuel economy (MPG);

s.    average driving speed;

t.    number of engine overspeeds;

u.    number of vehicle overspeeds;

v.    current vehicle speed (MPH);

w.    clutch switch status (on/off); and

x.    clock.

.    If the vehicle was so equipped, produce all documents relating to information recorded by any type of Global Positioning System, such as Qualcomm, Highway Master, XATA or other such systems, regarding all vehicles driven by Defendant McQuilkin for July 14, 2019.

31.    If the vehicle is so equipped, produce all documents relating to information recorded by any type of Video Recording System, such as DriveCam, Safety Vision, or other such systems, regarding all vehicles driven by Defendant McQuilkin for July 14, 2019.

32.    If the vehicle was so equipped, all documents relating to information recorded by any type of Accelerometer Recording System, such as Independent Witness, Inc.'s Witness

Page 4 of  5

Scanned with CamScanner

or other such systems, regarding all vehicles driven by Defendant McQuilkin for the period January 15, 2019 to September 15, 2019.

33.    If the vehicle was so equipped, copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from any and all Event Data Recorded (EDR) relating to any of the vehicles involved in the occurrence. An EDR means a device or function in a vehicle or remote of the vehicle that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

JOHN PRICE LAW FIRM,

By:    *Benjamin A. Parker (signature)*

Benjamin A. Parker
3045 Ashley Phosphate Road
N. Charleston, SC 29418
843-552-6011
benparker@johnpricelawfirm.com

Attorney at Law

N. Charleston, SC

Date: 7/20/2022

**Page 5 of  5**

Scanned with CamScanner

STATE OF SOUTH CAROLINA

COUNTY OF CHEROKEE

LUZ POSSO, Individually and as
guardian of T.M., a minor,

Plaintiffs,

CHRISTOPHER J. MCQUILKIN and
HALEY'S TRANSPORTATION
GROUP, INC.,

Defendants.

)  IN THE COURT OF COMMON PLEAS
)  SEVENTH JUDICIAL CIRCUIT
)  Case No.: 2022-CP-11-00442
)
)
)
)  **Plaintiff's First Set of Interrogatories to**
)  **Defendant Haley's Transportation**
)  **Group, Inc.**
)
)
)
)

To:  Defendant Haley's Transportation Group, Inc.

The Plaintiffs hereby require the Defendant, within thirty (30) days after service hereof, to

answer under oath the Interrogatories hereinafter set forth, in accordance with Rule 33(b) of the

South Carolina Rules of Civil Procedure.

1.      State your full name, current address, date of birth, social security number and work

        address or if you are the representative of a company answering these Interrogatories

        state your title, your affiliation with the Defendant Haley's Transportation Group, Inc.,

        and the length of time you have been employed by the Defendant Haley's

        Transportation Group, Inc., and list all the positions you held in the past and your

        current position.

2.      Identify any individual of whom you are aware that has personal knowledge of the

        facts and circumstances of this case, including eyewitnesses and any individuals who

        arrived on the scene within two hours after the occurrence.

3.      If anyone investigated this matter for you and/or Defendant Haley's Transportation

        Group, Inc., including medical experts, private investigators or insurance adjusters;

Scanned with CamScanner

state their name(s) and address(es), and state whether such investigation was reduced to writing. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your Answers a copy of any said statement.

4.    If you know of the existence of any pictures, photographs, plats, visual recorded images, diagrams or objects relative to the occurrence, the Plaintiffs' physical condition, or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

5.    Please identify the owner and the driver of the vehicle involved in the accident with the Plaintiffs and under what specific circumstances the driver of the vehicle was permitted to operate the owner's vehicle on the date of the accident.

6.    Please state the relationship of the driver to the owner of the vehicle which was involved in the accident with the Plaintiffs.

7.    Please state where Defendant McQuilkin was heading to and the time of the accident and where Defendant McQuilkin was coming from and his expected time of arrival.

8.    Please list all accidents involving Defendant McQuilkin within the past five (5) years. For each such accident, please include the name and address of any driver of the vehicle involved, the name and address of any other driver involved, the court and case number of any action that resulted, and the result of each such action.

9.    Please state the extent of Defendant Haley's Transportation Group, Inc. knowledge of Defendant McQuilkin's driving history.

10.    Please list all insurance agreements you have regarding the vehicle operated by Defendant McQuilkin at the time of the collision with the Plaintiff, including the name

2

Scanned with CamScanner

of the insurance company, the name of the policy owner, the policy number, the type of coverage, the amount of coverage (specifying its upper and lower limits) and the effective dates of said policy for the past five (5) years.

11.  State whether Defendant McQuilkin was acting as the agent, servant or employee of Defendant Haley's Transportation Group, Inc. at the time of the occurrence.

12.  Identify the property damage done to each vehicle as a result of the accident and which parts of those vehicles were damaged in the occurrence complained of, the name and address of the person or entity who repaired each vehicle, and the date and cost of repairs. If the vehicles have not been repaired, state the present location of said vehicles, the days of the week, the time of day, and the places they may currently be seen and identify any photographs of the vehicles involved in the collision.

13.  Please identify all hiring policies of drivers of company vehicles for Defendant Haley's Transportation Group, Inc., and state whether they have been reduced to writing.

14.  Please state who is in charge of hiring, firing, training and supervising drivers of company vehicles at Defendant Haley's Transportation Group, Inc., and the extent to which they perform background checks on drivers of company vehicles for Defendant Haley's Transportation Group, Inc..

15.  Please state how Defendant McQuilkin came to be hired by Defendant Haley's Transportation Group, Inc., including who hired Defendant McQuilkin and who he interviewed with at Defendant Haley's Transportation Group, Inc..

3

JOHN PRICE LAW FIRM, LLC

By: _____

Benjamin A. Parker, Esquire
3045 Ashley Phosphate Road
N. Charleston, SC 29418
843-552-6011
benparker@johnpricelawfirm.com

Attorney for Plaintiff

N. Charleston, SC

Date: 7/20/2022

4

Scanned with CamScanner





# S. C. DEPARTMENT OF
## MOTOR VEHICLES
OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901

August 10, 2022                    **USPS Tracking # 7021 1970 0001 1709 3895**

Christopher J. McQuilkin
3608 Vegas Lane
Louisville, TN 37777

**Re:    *Luz Posso individually and as guardian of T.M., a minor v. Christopher J. McQuilkin
and Haley's Transportation Group, Inc.*
Case No.: 2022-CP-11-00442, DMV 22-339**

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South
Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-
referenced action. Under South Carolina law, this has the same legal effect as if you had been
served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the
> laws in force in this State permitting the operation of motor vehicles, as evidenced
> by the operation of a motor vehicle by such nonresident on the public highways,
> the streets of any incorporated municipality or the public roads of this State or
> anywhere within this State, or the operation by such nonresident of a motor
> vehicle on any such public highways, streets, or public roads or anywhere within
> this State other than as so permitted or regulated shall be deemed equivalent to the
> appointment by such nonresident of the Director of the Department of Motor
> Vehicles or of his successor in office to be his true and lawful attorney upon
> whom may be served all summons or other lawful process in any action or
> proceeding against him growing out of any accident or collision in which such
> nonresident may be involved by reason of the operation by him, for him or under
> his control or direction, express or implied, of a motor vehicle on such public
> highways, Streets, or public roads or anywhere within this State. Such acceptance
> or operation shall be a signification of his agreement that any such process against
> him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges
> conferred by the laws now or hereafter in force in this State, permitting the
> operation of motor vehicles as evidenced by the operation of a motor vehicle by
> such nonresident either personally or through an agent or employee on the public
> highways in this State, or the operation of such nonresident either personally or

ELECTRONICALLY FILED - 2022 Aug 15 10:34 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:     Benjamin A. Parker, Esquire
        3045 Ashley Phosphate Road
        P.O. Box 40637
        Charleston. SC 29423

ELECTRONICALLY FILED - 2022 Aug 15 10:34 AM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442





**JOHN PRICE** LAW FIRM, LLC

NORTH CHARLESTON OFFICE

3045 ASHLEY PHOSPHATE ROAD
POST OFFICE BOX 40637
NORTH CHARLESTON, SOUTH CAROLINA 29423-0637
PHONE (843) 552-6011    FAX (843) 760-6840
www.johnpricelawfirm.com

July 27, 2022

**VIA: CERTIFIED MAIL - RETURNED RECEIPT REQUESTED
RESTRICTED DELIVERY**

Lorenzo Jones, Registered Agent
Haley's Transportation Group, Inc.
8084 Turtle Creek Drive
Columbus, GA 31909

Re:    **Luz Posso, Individually and as guardian of T.M., a minor vs. Christopher J.
McQuilkin and Haley's Transportation Group, Inc.
Case No: 2022-CP-11-00442**

Dear Sir:

Enclosed please find the filed copies of the Summons and Complaint, Notice of
Deposition Pursuant to Rule 30(b)(6) of Defendants Haley's Transportation Group, Inc.'s
designated representative, Plaintiff's Request for Production to Defendant Haley's Transportation
Group, Inc., and Plaintiff's First Set of Interrogatories to Defendant Haley's Transportation
Group, Inc. for the above captioned matter, for service of same upon you as a Registered Agent
for the named Defendant, Haley's Transportation Group, Inc. in this matter.

If you have any questions or need additional information, please do not hesitate to call.

Sincerely,

Benjamin A. Parker

BAP/jlm
Enclosures: as stated above

North Charleston'    Summerville'    Myrtle Beach'

John Price'    Bobby Phipps'    Heather A. Hartoin, SC, IN'    J. David Murrell'
Benjamin A. Parker'    Mark A. Redmond'    Matthew T. Douglas'
M. Greg McCollum'- Of Counsel    Frederick "Fritz" Jekel* - Of Counsel

Scanned with CamScanner

# State of South Carolina
# Office of the Secretary of State
## The Honorable Mark Hammond

1205 PENDLETON STREET, SUITE 525
COLUMBIA, SC 29201

803-734-2170
sos.sc.gov

ELECTRONICALLY FILED - 2022 Sep 07 12:51 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100442

September 1, 2022

ELECTRONIC CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Haley's Transportation Group, Inc.
Lorenzo Jones - Registered Agent
8084 Turtle Creek Rd.,
Columbus, GA 31909

RE: Haley's Transportation Group, Inc., 2022-CP-11-00442

Dear Madam/Sir:

In accordance with South Carolina Code § 15-9-245, we are enclosing herewith a copy of the Summons and Complaint in the above-entitled case. Service was accepted on August 29, 2022 and a copy has been duly filed in our office as of this date. The fee of $10.00 has been paid.

Yours very truly,

Allyson Green

Allyson Green
South Carolina Secretary of State's Office

Enclosures

cc:    John Price Law Firm, LLC
       Benjamin A. Parker
       3045 Ashley Phosphate Road Post Office Box 40637
       North Charleston, SC 29423-0637